UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT CHARLES HYATT,**

    **Plaintiff,**

v.

    Civil Action 2:11–cv–685
    Judge Michael H. Watson
    Magistrate Judge E.A. Preston Deavers

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**

### ORDER

Plaintiff brought this action pursuant to 42 U.S.C. § 405(g) seeking review of an adverse decision of the Commissioner of Social Security ("Commissioner"). This matter is before the Court for consideration of the July 24, 2012 Report and Recommendation of the Magistrate Judge. (ECF No. 17.) The Magistrate Judge specifically recommended that the Court affirm the decision of the Commissioner. On August 8, 2012, Plaintiff filed his Objections to the Report and Recommendation. (ECF No. 18.) For the following reasons, Plaintiff's Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED**. The decision of the Commissioner is **AFFIRMED**.

Plaintiff filed an application for social security disability insurance benefits alleging disability since July 20, 2007. The medical record reflects that Plaintiff suffers from hip and back problems, and has also received treatment for bipolar

disorder.[1]  On May 24, 2010, an Administrative Law Judge ("ALJ") issued a decision, which ultimately became the Commissioner's final decision, finding that Plaintiff was not disabled during the relevant period.  The ALJ concluded that Plaintiff engaged in substantial gainful activity following his alleged onset date, but did have a continuous twelve-month period during which he did not engage in substantial gainful activity.  The ALJ's other findings included that Plaintiff did not have a severe mental impairment; could perform the full range of light work; and could perform his past work as a substitute teacher.

On July 24, 2012, the Magistrate Judge recommended that the Court affirm the Commissioner's decision.  Plaintiff's objections, for the most part, revisit arguments he raised within his initial Statement of Errors.  Plaintiff maintains that the evidence supports a finding that he had a severe mental impairment.  Additionally, Plaintiff contends that the ALJ's hypothetical question to the vocational expert failed to adequately convey Plaintiff's limitations.  Moreover, Plaintiff contends that the ALJ erred in considering Plaintiff's credibility.

Pursuant to 28 U.S.C. § 636(b), the Court reviews Plaintiff's Objections to the Report and Recommendation *de novo*.  The Court may accept, reject, or alter the Magistrate Judge's recommendation as is sees fit.  28 U.S.C. § 636(b)(1).  Within the Social Security context, the Court reviews whether substantial

---

[1] The Report and Recommendation provides a detailed overview of the relevant medical records and the administrative hearing testimony. (Report & Recommendation 2-9, ECF No. 17.)

evidence supports the decisions of the Commissioner and whether the Commissioner made its decision pursuant to the applicable standards. *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010).

Having performed a *de novo* review of the Report and Recommendations, the Court agrees with, and adopts, the findings and reasoning of the Magistrate Judge.[2] Specifically, the Court finds that the combination of evidence from treating psychiatrist Vinutha C. Reddy, M.D., as well as non-medical evidence regarding Plaintiff's work history, provide substantial evidence that Plaintiff did not have a severe mental impairment during the relevant time period. Even assuming that the ALJ should have found a severe impairment, he went on to consider Plaintiff's RFC and justifiably concluded that Plaintiff could perform a full range of light work. Additionally, the Court finds that the ALJ's hypothetical question accounted for Plaintiff's limitations and the ALJ was entitled to rely on the vocational expert's conclusion that he could perform his past work as a substitute teacher. Finally, based on the circumstances highlighted in the Report and Recommendation, the Court concludes that the ALJ did not err in finding that Plaintiff was not entirely credible with regard to the extent of his impairments.

Accordingly, based on the above, as well as the reasoning within the Report and Recommendation, Plaintiff's Objections (ECF No. 18) are

---

[2] The Magistrate Judge considered the issues Plaintiff raises within his Objections. The Court finds it unnecessary to repeat the Magistrate Judge's analysis on these same issues.

**OVERRULED** and the Report and Recommendation (ECF No. 17) is **ADOPTED**.

The decision of the Commissioner is **AFFIRMED**.

**IT IS SO ORDERED.**

*[signature]*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**